Good morning to the court. Opposing counsel. My name is Daniel Winfrey, I represent Appellants. We're before this court because at the lower level we brought a motion to remove a trustee from the administration of an estate in a bankruptcy proceeding, and the bankruptcy judge declined to grant us our motion. Counsel, I had a question as you start. You, I find nothing in the record where you appealed the settlement. Is there an appeal of the settlement? No, Your Honor, there is no appeal of the settlement. That was not something that we agreed. We acquiesced to the outcome of that particular proceeding. So that's fixed in stone and that's going nowhere. That's correct. No matter what we do in this case. That's correct. What do you hope to accomplish then? If the case is settled, what is the practical effect of any victory that you might have? The conduct of the trustee involved in administering it. We believe it taints the system significantly. No, but I mean the case is settled. There's nothing to be done, right? The intended action is settled. A bankruptcy estate is administered for all of the assets of the estate as opposed to just that specific, that specific. So there are other assets other than, that are not covered by the reach of the settlement? There are. They've proved to be uncollectible. But the administration of the estate was not confined specifically to this intended action. So is this all about the preference action? Is that what it's all about? There was a preference action. No, this is not about the preference action. What is this about then? Let's say you win. We say, right, trustee's out. Where does it go then? And what happens? Well, then a new trustee would be appointed. And what happens then? Then the estate would be administered by that new trustee. And what's going on now that you hope would go away with the new trustee? Actually, there will be nothing that will be administered. It would be a matter of filing the final documents and closing the estate. That sounds ministerial. That virtually is ministerial. That's correct. And, therefore, the practical effect of all this litigation is zero. No. The practical effect of this litigation is to expose the conduct of an agent, an officer of the court, in administering the estate. The conduct does not bear up to the standard that is imposed by both the bankruptcy court and this court's decision. But the monetary effect is zero. There is correct. There will be no monetary outcome. Now, there will be a substantial effect on this trustee because, as I understand the law, if this trustee is removed from your case, she's removed as a trustee from all cases. Is that right? That is correct, Your Honor. So this sounds as though you're kind of mad and you'd kind of like to get a little peep out of the flesh here. No, Your Honor. I think that everybody in the bankruptcy process is chargeable with the what their conduct entails, and that's what we're asking for this Court to impose. Now, there was a settlement of the dispute over the cabin for $100,000, right? We did not enter into that. The trustee and the other creditor entered into that. Right. But there was a settlement for $100,000. And now can you just tell me what happened? You're shaking your head. Is that wrong? Is that not the right amount? The amount is actually mathematically computable to be a different amount, Your Honor, because it wasn't just the granting of a $100,000 claim. It was also the assets of the estate. There was a mechanics lien on that property as well as an account receivable from that creditor. They were forgiven in the process. No, I understand that. Okay. So in reality, it's a $210,000 outcome. The terms of the settlement is that the owners of the cabin were entitled, assuming they could collect it, to $100,000 out of the bankrupt estate. Is that right? That is that there was an allowed claim, correct. Right. Now, can you tell me, just as a practical matter, I don't know that it makes a difference to our decision as to whether to remove the trustee. Has all of that $100,000 been collectible out of the estate? It will not be collectible. That is part of the... Because? Because there is nothing left to collect in this estate. All right. I guess I'm missing something. As far as I can tell, the court entered $135,000 and changed judgment against Doane for fraudulent transfers. A constructive fraud, not fraudulent. Well, where does that stand? Doane filed bankruptcy. Supposedly those are recoverable to the estate. Doane filed bankruptcy. Disposed of that in a bankruptcy process. So that's gone? That's gone, too, yes. So why isn't this case equitably moot? Equitable moot. Because we are evaluating the conduct of an officer of the court in the administration. But I think this court in the motor vehicle versus Thorpe basically spoke to the issues that you're talking about, and it said if it becomes so difficult to unwind what has happened with no practical effect on the parties, then essentially the case becomes equitably moot, and you dismiss it and that's the end of the case. It's the issues involved before this court don't involve someone getting something. The issues involved before this court involve looking at and evaluating the conduct of an officer, a person appointed by the court. But, you know, I don't want to argue with you, but it just seemed to me reading the briefs that if there was any allegation of fraud, it was on the part of Doane who transferred assets on a finding that that transfer had been inappropriate. And, therefore, if there are unclean hands on one side, it seems to me that they're evenly balanced. Your Honor, I would respectfully disagree because the finding was a constructive fraud. This does not mean that there was actual fraud committed. It means that the effect of the action was to remove from the estate assets that would presumably have been appliable to other parties. But it's not an implication of fraud itself. As a result, Mr. Doane, because of his financial situation, was able to discharge that obligation in his own bankruptcy proceeding. You're kind of asking us to operate sort of as a merit systems protection board concerning who gets employed and who doesn't. I mean, Judge Lucero is right. There's nothing left to do with regard to the bankruptcy except some ministerial stuff. Yes, there is, Your Honor. I would suggest there's something that is very critical. That's protecting the integrity of the bankruptcy system. That's why, you know, we're not some sort of administrative board that has oversight over who gets selected as trustee and who doesn't under these circumstances because the case is gone. That is correct. The case, for all intents and purposes, there will be no effect at all. There will be no effect as far as the distributions from that estate. That is correct. That is correct. Well, I'm not sure I recommend this to you, but there is a trustee's office, and I assume it's the trustee's office that decides who acts as trustee. Have you talked to them and said, yeah, you'd like this person not to be retained as a trustee? The United States trustee is fully aware of this litigation. Isn't that the appropriate venue to hash this out? Not at all, Your Honor. Why would this court render decisions such as AFI, et cetera, if it wasn't the task of this court to look at the conduct that is? In any event, the standard of review is extraordinarily deferential. There was no findings of fact in this matter. If the court would look at the actual. What is the standard of review, then? It's abuse of discretion, is it not? That is correct. That's an extraordinarily deferential standard of review. But it's deferential to the findings of fact. It can't be deferential to the findings of fact if there are no findings of fact. And that is really what we've been laboring under. The court sort of ruled in this matter on a fiat basis as opposed to telling us this is what I find here. Well, I'm not sure that it's quite right to say there's no findings of fact. They're not much out of the bankruptcy judge, but there's a fair amount of factual discussion in the BAPT opinion. I mean, I'm not looking at this case without having a fairly good understanding of what happened. Yes, Your Honor. And I appreciate that, because I think the BAPT decision was a well-reasoned thing. And then at the end they said, well, they recognized the judge said, I don't find cause. And that was all the judge said. And then they determined that was the application of the correct legal standard. I don't know if that is necessarily a fact, especially since, if I may point out to the Court, we have some real hard facts in this case. I mean, we've got some hard, concrete facts. And we also got mysticism. And if we also have abuse of discretion. Why don't you address that in your remaining three seconds? Where is the abuse of discretion here? The court made a decision based upon the legal standard that is – which is – it doesn't stand to reason. I mean, there was – there was – there was deception made to the Court. There was dissipating of assets. There was favoring. All the types of things that violate a trustee's responsibility, we think we put before that Court. And the Court just sort of shrugged its shoulders about it. Okay. Why don't we hear from the other side? Yes. We've taken you over time, but we will give you a minute to respond. Thank you, Your Honor. I appreciate it. Good morning, Your Honors. May it please the Court. Geraldine Valdez, representing Leslie Gladstone, appellant and Chapter 7 trustee. Your Honor, this is the – actually, it's the fourth time that appellant has come before a court to argue the same facts. And the facts being that the trustee committed misconduct and should be removed. And the trustee shares the Court's concerns about whether – why the appellant is continuing to pursue the appeal. Because he stands to gain nothing at this point. The settlement he – On the other hand, equitable mootness can be waived under Dawson v. Washington Mutual. Have you raised that? Did not raise – we could not raise the issue of equitable mootness in the briefs because the final aspect that would have made this moot did not happen until after – The settlement happened later. The appeal was filed. So it wasn't part of the underlying record. Thank you. That is to say the judgment and the preference action didn't come down until after – Yes. After the BAP had ruled and after you had finished briefing? Is that what happened? I was right in the middle of briefing. In fact, the order had not been entered when I submitted the brief. Okay. It had been submitted, but the Court hadn't signed it. And ironically, as the Court pointed out, appellant never appealed the settlement. And likewise, he never appealed the judgment against him in the fraudulent transfer action. So the only steps he's taken to resolve these things that he's upset about are to try and remove the trustee, which to me does not seem to be the right remedy for the things he's complaining about. Now, appellant obviously does not recognize the distinction between relitigating the Court's factual findings in the hope that he might obtain a different judgment if he goes forward to different appellate courts or having the findings reviewed by this Court to determine whether they're clearly erroneous. And that's a difficult burden. It's not satisfied just by convincing this Court that his version of the facts is the true version. Rather, he's got to convince this Court that there's nothing in the record below that could possibly support the bankruptcy court's determination otherwise. In other words, appellant is required to show that the bankruptcy court's factual finding of no cause to remove the trustee was illogical, implausible, or without any support in inferences that could be drawn from the record. Now, I realize that the judge, bankruptcy judge, did not make very distinct factual findings in the order denying the motion to remove the trustee. But the bankruptcy court actually did make findings in the order approving the settlement. And since the same issues were argued in the removal motion, he put into the order that litigant was trying to rehash the same arguments he'd made for the settlement agreement. So if one goes back to the settlement agreement, there are some findings of fact there that he incorporated into the second order. So appellant cannot really satisfy this clearly erroneous burden. There are several factors that the Court here must look at in determining whether or not the bankruptcy court clearly erred. And they have to see, look at whether there is evidence to support that the trustee did act competently, that the trustee did uphold her fiduciary duties, that she didn't do anything wrong, that the trustee didn't do anything wrong. I think we understand that. I've got one question for you that's almost a housekeeping matter. You asked us to take judicial notice of something. What purpose would that serve? It was judicial notice of the pending order that had been submitted to, after the fact, to the bankruptcy court approving the, sorry, denying the, sorry, granting judgment in the avoidance action. I mean, that's all the, I mean, there's a big thick. Oh, no, that one. Yeah, it's close to an inch thick. It was a, I believe it was a declaration from the trustee, which I referred to. Well, it contains facts that might be background. But they're not dispositive facts. No, they're not dispositive. And therefore, we're taking judicial notice of facts that are, that may not be facts. That's to say, they may be disputed. That's to say, I've got a declaration here, then they may have a different view. That is true. Denied. They had an opportunity. Motion for judicial notice denied. Okay. Okay. So, really, I don't know what else to say. There was plenty of evidence in the record that the court could have looked at from the trustee's declarations that showed that she didn't commit any misconduct. And as far as, you know, something like where appellant says, well, you know, we had this meeting in counsel's office, and the trustee says that we discussed this matter, and I say we didn't. Well, that's he said, she said. It was an important topic. Yes, it was an important topic. That's what she said. That's what she said. Yes. And he said, no, it wasn't. Yes. So she, so the court believed her, not him. I mean, that's what he's entitled to do. So if, unless the court has any further questions, I'd submit on the pleadings, and I'd ask this Court to affirm the Bankruptcy Court's judgment. Okay. Thank you. Would you put one minute on the clock, please? Thank you. Thank you for the minute to respond, Judges. Just two items. The issues in the settlement agreement and the issues before the Court are not the same. They are extremely significantly different. The issues before the settlement are resolved. The issues before this Court are, well, how did the trustee pursue the duties in response to that? In regards, Your Honor, I would like to, you indicated that we felt that it was not an important topic. I think. Well, you said the trustee was misrepresenting the degree to which this was. Go ahead. Can I clarify what I. Sure. What the trustee said is that was such an important topic that she discussed it, and she listed all of these things, these various locations where she discussed it. I've produced the records on those showing she didn't discuss it at all. It was a misrepresentation. That's why I brought it forth. She told the Court, look, and I did all this extensive stuff, and the record, the hard evidence shows she actually didn't do any of that. Thank you. Okay. Thank you very much. The case of Inouye Log and Conventional Homes is now submitted for decision.
judges: Trott, Lucero, Fletcher